EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
STEVEN G. WARNER, State Bar No. 239269
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5747
  Fax: (415) 703-5843
  Email: Steven.Warner@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008401186

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIZALINO CAYABO,<br><br>                Petitioner,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER,<br><br>                Respondent. | C 07-5309 JSW (PR)<br><br>**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD*<br><br>Judge: The Honorable Jeffrey S. White |

## INTRODUCTION

    Rizalino Cayabo filed a Petition for Writ of Habeas Corpus, contending that his due process rights were violated by the Governor's reversal of the Board of Parole Hearings' 2006 parole suitability finding. The Court ordered a response to the Petition. On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392, 2008 WL 2131400 (9th Cir. filed May 16, 2008), and oral argument is scheduled for June 24, 2008. The en banc court in *Hayward* may decide whether this Court has jurisdiction over this case, and the appropriate standard to be applied if

1  there is jurisdiction. Therefore, Respondent requests a stay of this case pending the issuance of
2  the mandate in *Hayward*.

3  ARGUMENT

4  I.

5  **THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*
6  BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR
7  GRANTING A STAY.**

8  A trial court has discretion to ensure the just and efficient determination of a case by
9  staying the case pending the resolution of other proceedings where a stay would be "efficient for
10 [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,
11 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should
12 consider the possible damage that may result, the hardship or inequity that a party may suffer,
13 and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and
14 questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d
15 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar
16 cases that are pending in the same district court, and the probability that more are likely to be
17 filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing
18 for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

19 As the resolution of *Hayward* could significantly impact this case and numerous similar
20 cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the
21 Court should exercise its discretion and stay this matter pending the issuance of the mandate in
22 *Hayward*.

23 A. Moving Forward with This Case Before the Finality of
        *Hayward* Does Not Serve the Interest of Judicial Economy.
24

25 Granting a stay in this case serves the interests of judicial order and economy. On May
26 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the
27 en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this
28 case: 1) whether California has created a federally protected liberty interest in parole for life

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*            *Cayabo v. Schwarzenegger*
                                                                                C070-5309 JSW

1    inmates, and 2) if a liberty interest is created, what process is due under clearly established
2    Supreme Court authority. Resolution of these issues could establish that Petitioner does not have
3    a federally protected liberty interest in parole, potentially allowing the Court to dismiss his
4    claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be
5    wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the
6    parties would need to brief issues that will be decided en banc and then submit supplemental
7    briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may
8    unnecessarily complicate the matters raised and would impair the orderly course of justice.
9    Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the
10   Court from having to revisit this matter if *Hayward* is modified or reversed.

11       A stay would also serve judicial order and economy by maintaining uniform treatment of
12   like suits, as once the law is settled it can be uniformly applied. In many habeas petitions
13   challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of
14   the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*
15   *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;
16   *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-
17   17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

18       Granting a stay would therefore conserve judicial resources and serve the Court's interest
19   in orderly managing these proceedings.

20       **B.**    **A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

21       A stay of this case at the district level would not unfairly impose any additional or
22   otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this
23   case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying
24   final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing
25   party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*
26   Arg. I.A.)
27   ///
28   ///

Resp't's Req. for Stay Pending Issuance of the Mandate in *Hayward*    *Cayabo v. Schwarzenegger*
C070-5309 JSW

# CONCLUSION

When the equities are balanced, the parties' interests and the interests of judicial economy support staying this case pending the final resolution of *Hayward*. Staying this case until challenges to *Hayward* are resolved and that decision becomes final promotes the orderly resolution of this matter, and will assist in maintaining uniformity of like suits pending before this Court and similar cases that will be filed in the future. Respondent therefore requests that the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

Dated: June 2, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

40259167.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Cayabo v. Schwarzenegger*

No.:   U.S.D.C., SAN FRANCISCO DIV., C 07-5309 JSW (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 2, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Rizalino Guerrero Cayabo, D-09912**
**Correctional Training Facility**
**P.O. Box 705**
**Soledad, CA 93960**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 2, 2008**, at San Francisco, California.

| J. Baker | Signature |
| --- | --- |
| Declarant | |

40260758.wpd