Rizalino Guerrero Cayabo, D-09912
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Petitioner in pro se

FILED

08 JUN 17 PM 1:00

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

RIZALINO CAYABO,

          Petitioner,

  v.

ARNOLD SCHWARZENNEGER,

          Respondent.

_____/

Case no. C 07-5309 JSW (PR)

PETITIONER'S REPLY TO
RESPONDENT'S REQUEST FOR STAY
PENDING ISSUANCE OF THE MANDATE
IN HAYWARD

Judge: The Honorable Jeffrey
        S. White

### INTRODUCTION

    After Petitioner Rizalino Cayabo filed his federal habeas corpus application, this Court issued an order for a response to the petition. On June 2, 2008, respondent Schwarzenegger requested a stay pending the disposition of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), hearing en banc granted, and oral arguments being scheduled for June 24, 2008.

    Cayabo does not contest a stay, but does oppose a stay pending the en banc decision in Hayward. It could take a year, or more, before the Ninth Circuit issues the en banc decision in Hayward. Cayabo, in the alternative, that a stay be granted pending the decision in the case of In re Lawrence on habeas corpus, S154018, oral argument held June 4, 2008.

- 1 -

## ARGUMENT

It is not lost on Cajabo that this, and other federal district courts in this Circuit, are burdened with a number of petitions in an evolving area of law; however, a writ of habeas corpus is to be expedited within a reasonable time to prevent challenging the illegality of detention from being reduced to a "sham" (Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000)). Thus, while a stay may be warranted, any stay should not work to Cajabo's disadvantage.

A.   A Stay is Warranted Pending In Re Lawrence.

In re Lawrence was argued before the California Supreme Court on June 4, 2008, and a decision is forthcoming no later than September 2, 2008. In that federal courts are bound by interpretation of state law as interpreted by that state's highest court (Gurley v. Rhoden, 421 U.S. 200, 208 (1975), in this case the controlling interpretation of California's parole statutes will be In re Lawrence. The Ninth Circuit will then apply that interpretation to Hayward. In that a decision is due in Lawrence no later than September 2, 2008, a stay should therefore issue only until September 2, 2008, or, as soon as Lawrence is decided and published in the Daily Journal, if sooner.

Moreover, in that postsuitability time credits accrued are to be deducted from Cajabo's parole (In re Bush, 161 Cal.App.4th 133, 144-145 (2008)), it is to the state's benefit to have a decision in case at bench as soon as possible, lest Cajabo be discharged with no parole if the decision falls in his favor. While discharge would certainly benefit Cajabo, it would not benefit the state, defeating "equity" to be obtained.

- 2 -

**B.** <u>An Unreasonable Stay Would Prejudice Cayabo</u>.

Contrary to the respondent's argument that the stay he requests "would not unfairly impose any additional or otherwise avoidable hardship on Petitioner" it would do exactly that. Every day Cayabo remains in prison is a day he cannot fulfill his duties as a husband, provider to his family, and be present as a father. Cayabo was found Suitable for parole on May 9, 2006, over two years ago. Over Cayabos 22 years, now 24 years, since imprisonment he has maintained an exemplary record and has been deemed not to be a risk to society by the Board of Parole Hearings and several psychiatric forensic experts. Cayabo would respectfully request that the Court not only grant a stay pending the decision in <u>Lawrence</u>, but grant him bail or release him on his own recognizance pending the Court's ultimate decision in his case.

## CONCLUSION

When the equities are balanced, a stay should be granted only until September 2, 2008, or sooner if the decision in <u>Lawrence</u> should sooner be delivered, and that the respondent file an Answer within thirty (30) days of the <u>Lawrence</u> decision and no further extensions of time be granted. Petitioner therefore requests that the Court exercise its discretion and issue a stay accordingly.

DATED:  June 15, 2008

Respectfully submitted,


Rizalino Cayabo
Petitioner in pro se

- 3 -

PROOF OF SERVICE BY MAIL

CASE NAME:  **CAYABO v. SCHWARZENEGGER**

CASE NO. :  **C 07-5309 JSW (PR)**

I, **Rizalino Cayabo**       , hereby declare that I am a party
to the above titled action and am over the age of eighteen (18),
and I did serve a true copy of the following:

**PETITIONER'S REPLY TO RESPONDENT'S REQUEST FOR STAY
PENDING ISSUANCE OF THE MANDATE IN HAYWARD**

by placing a true copy in an envelope with first class postage fully
prepaid and said envelope surrendered to correctional staff at the
Correctional Training Facility for delivery to the prison mail room
and therefrom delivered to the local United States Post Office the
next business day from which there is postal service between the
place of mailing and the addressee:

**Steven G. Warner
Deputy Attorney General
455 Golden Gate Ave., #11000
San Francisco, CA 94102**

I declare under penalty of perjury that the foregoing is true
and correct, doing so this _15TH_ day of _June_      , 2008, at
Soledad, California.

_____