1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5747
     Fax: (415) 703-5843
8    Email: Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry
   SF2008401186
10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  **RIZALINO CAYABO,** | Case No. C 07-5309 JSW (PR) |
| 16                    Petitioner, | **ANSWER TO ORDER TO SHOW** |
| 17          v. | **CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18  **ARNOLD SCHWARZENEGGER,** | |
| 19                    Respondent. | Judge: The Honorable Jeffrey S. White |

20

21        As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Rizalino Cayabo,

22  Respondent admits, alleges, and denies that:

23        1.    Cayabo is in the lawful custody of the California Department of Corrections and

24  Rehabilitation following his July 1, 1985 conviction of second-degree murder with a weapon

25  enhancement. (Pet. at 2.) Cayabo is serving a life sentence with the possibility of parole. (*Id.*)

26        2.    In 2006, Cayabo filed a petition for writ of habeas corpus in Tulare County Superior

27  Court, alleging that the Governor's 2006 parole denial violated his due process rights. (Ex. 1,

28  Super. Ct. Pet.; Ex. 2, [Super. Ct.] Ruling Re: Pet. for Writ of Habeas Corpus.) The superior

Answer to Order to Show Cause; Mem. of P. & A.                      *Cayabo v. Schwarzenegger*
                                                                    C 07-5309 JSW (PR)

1    court denied the petition, finding that "it is clear that the 'some evidence' rule applies justifying

2    the Governor's decision." (Ex. 2 at 2.)

3       3.    Cayabo then raised the same claims in petitions to the California Court of Appeal and

4    the California Supreme Court. (Ex. 3, Ct. App. Pet.; Ex. 4, Sup. Ct. Pet.; Ex. 5, Answer to Pet.

5    for Review.) Both courts summarily denied the petitions. (Ex. 6, Ct. App. Order; Ex. 7, Sup. Ct.

6    Order.)

7       4.    Respondent admits that Cayabo exhausted his state court remedies regarding the claim

8    that the Governor's 2006 decision violated his due process rights. Respondent denies that

9    Cayabo has exhausted his claims to the extent they are interpreted more broadly to encompass

10    any systematic issues beyond this claim.

11       5.    Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).

12    Respondent admits that the Petition is not subject to any other procedural bar.

13       6.    Respondent denies that Cayabo is entitled to federal habeas relief under 28 U.S.C. §

14    2254 because the state court decisions were not contrary to, or an unreasonable application of

15    clearly established federal law as determined by the United States Supreme Court, or based on an

16    unreasonable determination of the facts.

17       7.    Respondent denies that Cayabo has a federally protected liberty interest in parole and,

18    therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction.

19    The Supreme Court has not clarified the methodology for determining whether a state has created

20    a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr.*

21    *Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by

22    unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484

23    (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical

24    or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,

25    229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).

26    Continued confinement under an indeterminate life sentence does not impose an "atypical or

27    significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence,

28    impose a new condition of confinement, or otherwise restrict his liberty while he serves his

Answer to Order to Show Cause; Mem. of P. & A.                   *Cayabo v. Schwarzenegger*
                                                                  C 07-5309 JSW (PR)

1   sentence.  Thus, Respondent asserts that Cayabo does not have a federal liberty interest in parole.

2   Respondent acknowledges that in *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th

3   Cir. 2006) the Ninth Circuit held that California's parole statute creates a federal liberty interest

4   in parole under the mandatory-language analysis of *Greenholtz*, but preserves the argument,

5   which is pending en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008).

6       8.   Even if Cayabo has a federal liberty interest in parole, he received all due process to

7   which he is entitled under clearly established federal law because he was provided with an

8   opportunity to be heard and a detailed explanation for the reversal.  *Greenholtz*, 442 U.S. at 16.

9       9.   Respondent affirmatively alleges that it is improper to import a test that the United

10  States Supreme Court used in one context to a different context.

11      10.  Respondent denies that the some-evidence standard is clearly established federal law in

12  the parole context.

13      11.  Respondent denies that the Governor's 2006 decision violated Cayabo's federal due

14  process rights and alleges that the decision was supported by some evidence.

15      12.  Respondent denies that a clear and convincing evidence standard of proof – or any

16  standard greater than the some-evidence standard – applies to parole proceedings.  Respondent

17  affirmatively alleges that *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), is not clearly established

18  federal law in the parole context.

19      13.  Respondent affirmatively alleges that *Blankenship v. Kane*, 2007 WL 1113798 (N.D.

20  Cal. 2007) – the case Cayabo cites in support of his claims about the Governor's premeditation

21  findings – is not clearly established federal law in the parole context.  Respondent further

22  affirmatively alleges that Cayabo's premeditation claims are state law claims not properly before

23  this court to the extent that they rely on *In re Rosenkrantz*, 29 Cal. 4th 616 (2002).

24      14.  Respondent denies that the Governor is required to present any evidence contravening

25  the findings of mental health professionals who examined Cayabo.

26      15.  Respondent affirmatively alleges that *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), and

27  its dicta about continued reliance on the commitment offense to deny parole are not clearly

28  established United States Supreme Court law in the parole context.

16.   Respondent denies that an evidentiary hearing is necessary because Cayabo's claims can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). Respondent further denies that an evidentiary hearing is necessary to determine what standard the Governor uses in parole decisions and what training the Governor receives in applying this standard. Respondent affirmatively alleges that the some-evidence standard is a judicial standard applied by courts – not by the Governor.

17.   Respondent affirmatively alleges that Cayabo's double jeopardy allegation fails to state a timely federal claim. Respondent further affirmatively alleges that Cayabo's term calculation claim is a state law claim not properly before this Court. To the extent that Cayabo raises a federal claim, Respondent denies that Cayabo is entitled to discharge. The remedy is limited to the process that is due, which is a new Board hearing comporting with due process. *See, e.g.,* *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable parole decision).

18.   Cayabo fails to state or establish any grounds for habeas corpus relief.

19.   Except as expressly admitted in this Answer, Respondent denies the allegations of the Petition.

///

///

///

///

///

///

///

///

///

///

///

///

Answer to Order to Show Cause; Mem. of P. & A.

*Cayabo v. Schwarzenegger*
C 07-5309 JSW (PR)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3        Cayabo claims that the Governor's 2006 decision violated his due process rights.  But

4 Cayabo merely alleges a disagreement with the Governor's decision, and fails to establish that

5 the state court decisions denying his due process claims were contrary to, or an unreasonable

6 application of clearly established federal law as determined by the United States Supreme Court,

7 or were based on an unreasonable determination of the facts.  Thus, there are no grounds for

8 federal habeas relief.

9

**ARGUMENT**

10

**I.**

11

**CAYABO HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER
AEDPA.**

12

13        Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court

14 may not grant a writ of habeas corpus unless the state court's adjudication was either:  1)

15 "contrary to, or involved an unreasonable application of, clearly established Federal law, as

16 determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

17 determination of the facts in light of the evidence presented at the State Court proceeding."

18 28 U.S.C. § 2254(d)(1-2) (2000).  Cayabo has not demonstrated that he is entitled to relief under

19 this standard.

20      **A.   Cayabo Has Not Shown that the State Court Decisions Were Contrary
          to Clearly Established Federal Law.**

21

22        As a threshold matter, the Court must decide what, if any, "clearly established Federal law"

23 applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  In making this determination, the Court

24 may look only to the holdings of the United States Supreme Court governing at the time of the

25 state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (quoting

26 *Williams v. Taylor*, 529 U.S. 362 (2000)).  The only case in which the Supreme Court has

27 addressed the process due in state parole proceedings is *Greenholtz.  Greenholtz*, 442 U.S. 1.

28 The Supreme Court there held that due process is satisfied when the state provides an inmate an

Answer to Order to Show Cause; Mem. of P. & A.                    *Cayabo v. Schwarzenegger*
                                                                  C 07-5309 JSW (PR)

1  opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The

2  Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more in the

3  parole context.

4      Cayabo does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)

5  Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding

6  an inmate's due process rights during parole proceedings, the state court decisions upholding the

7  Board's decision were not contrary to clearly established federal law. Thus, the Petition should

8  be denied.

9      Although Cayabo alleges that the Governor's decision must be supported by some evidence,

10 there is no clearly established federal law applying this standard to parole decisions. The

11 Supreme Court has held that under AEDPA a test announced in one context is not clearly

12 established federal law when applied to another context. *Wright v. Van Patten,* ___U.S.___ 128

13 S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan,* ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin,*

14 127 S. Ct. at 652-54; *see also, Foote v. Del Papa,* 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen*

15 *v. Garcia,* 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza,* 491 F.3d 1119, 1122 (9th

16 Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison

17 disciplinary hearing, *Superintendent v. Hill,* 472 U.S. 445, 457 (1985), which is a fundamentally

18 different context than a parole proceeding. Because the tests and standards developed by the

19 Supreme Court in one context cannot be transferred to distinguishable factual circumstances for

20 AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to

21 parole decisions.

22     Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is

23 improper under AEDPA. *See, e.g., Biggs v. Terhune,* 334 F.3d 910 (9th Cir. 2003); *Sass,* 461

24 F.3d at 1128; *Irons v. Carey,* 505 F.3d 846, 851 (9th Cir. 2007). Moreover, AEDPA does not

25 _____

26     1. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
of process due for inmates being considered for release on parole includes an opportunity to be heard

27 and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's*
methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its]

28 discussion of the appropriate level of procedural safeguards." *Austin,* 545 U.S. at 229.

1   permit relief based on circuit case law. *Crater,* 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders

2   decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski,* 431 F.3d 1158,

3   1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what

4   constitutes clearly established law." . . . "Circuit precedent derived from an extension of a

5   Supreme Court decision is not clearly established federal law as determined by the Supreme

6   Court."); *Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth

7   Circuit's use of the some-evidence standard is not clearly established federal law and is not

8   binding on this Court.

9           Cayabo claims that the Governor's reliance on the immutable factor of the commitment

10  offense violates due process finds no support in Supreme Court precedent. Although the Ninth

11  Circuit has suggested that this might amount to an additional due process claim, *Biggs,* 334 F.3d

12  at 917, because there is no clearly established federal law precluding reliance on unchanging

13  factors federal habeas relief is not available. 28 U.S.C. § 2254(d).

14          In sum, the only clearly established federal law setting forth the process due in the parole

15  context is *Greenholtz.* Cayabo does not allege that he failed to receive these protections.

16  Therefore Cayabo has not shown that the state court decisions denying habeas relief were

17  contrary to clearly established federal law.

18      **B.      Cayabo Has Not Shown that the State Courts Unreasonably
            Applied Clearly Established Federal Law.**

19

20          Habeas relief may only be granted based on AEDPA's unreasonable-application clause

21  where the state court identifies the correct governing legal rule from Supreme Court cases but

22  unreasonably applies it to the facts of the particular state case. *Williams,* 529 U.S. at 406. The

23  petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at

24  410; *Lockyer,* 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-

25  evidence standard as clearly established federal law, but even accepting that premise, Cayabo is

26  not entitled to federal habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s

27  some-evidence standard as the judicial standard to be used in evaluating parole decisions,

28  *Rosenkrantz,* 29 Cal. 4th at 616, and Cayabo has not shown that the state courts unreasonably

Answer to Order to Show Cause; Mem. of P. & A.                          *Cayabo v. Schwarzenegger*
                                                                        C 07-5309 JSW (PR)

1  applied the standard.

2      When, as here, the California Supreme Court denies a petition for review without

3  comment, the federal court will look to the last reasoned decision as the basis for the state court's

4  judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned

5  decision is the Tulare County Superior Court decision denying Cayabo's habeas petition. (Ex.

6  2.) The superior court found that some evidence supports the Governor's decision. (Ex. 2 at 2.)

7  Cayabo's claim fails: he has not shown that the superior court unreasonably applied *Hill*, but

8  rather asks this Court to re-weigh his suitability. Such a re-weighing has no basis in United

9  States Supreme Court law.

10      **C.    Cayabo Has Not Shown that the State Court Decisions Were
            Based on an Unreasonable Determination of the Facts.**

11

12      Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions

13  were based on an unreasonable determination of the facts in light of the evidence presented in the

14  state court. The state courts' factual determinations are presumed to be correct, and the petitioner

15  has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. §

16  2254(e)(1).

17      Although Cayabo alleges that the Governor's reversal is not supported by the evidence,

18  he does not show that the state court made factual errors. Here the superior court noted that

19  "Petitioner has failed to state a basis for relief," and "that the 'some evidence' rule applies

20  justifying the Governor's decision." (Ex. 2 at 1, 2.) The superior court further noted that "[t]he

21  cold bloodedness of the offense, the premeditation of the offense and the danger to others in the

22  manner it was carried out all convinced the Governor that the [P]etitioner was not a suitable

23  candidate for parole at the present time" before finding that "[u]pon this court's review of the

24  rationale stated by the Governor this court finds that the Governor's decision is not arbitrary or

25  capricious and is based on sound consideration of relevant factors." (*Id.* at 2.) Cayabo has not

26  alleged by clear and convincing evidence that the factual determinations are incorrect. He

27  disagrees with the weight the Governor assigned to the evidence. This disagreement does not

28  entitle Cayabo to federal habeas relief.

Answer to Order to Show Cause; Mem. of P. & A.                    *Cayabo v. Schwarzenegger*
                                                                 C 07-5309 JSW (PR)

**CONCLUSION**

Cayabo has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: August 25, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

STEVEN G. WARNER
Deputy Attorney General
Attorneys for Respondent

20132024.wpd

Answer to Order to Show Cause; Mem. of P. & A.

*Cayabo v. Schwarzenegger*
C 07-5309 JSW (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Cayabo v. Schwarzenegger*

No.:    **U.S.D.C., SAN FRANCISCO DIV., C 07-5309 JSW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 25, 2008,** I served the attached

**ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 7**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Rizalino Guerrero Cayabo, D-09912**
**Correctional Training Facility**
**P.O. Box 705**
**Soledad, CA 93960**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 25, 2008,** at San Francisco, California.

_____                    _____
            J. Baker                                                                     Signature
          Declarant

20135206.wpd