# EXHIBIT 2

FILED
TUL. COUNTY SUPERIOR COURT
VISALIA DIVISION

NOV 30 2006

ARAYNE CLEEK, CLERK
BY: [signature]

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF TULARE

| | |
|---|---|
| In Re<br><br>RIZALINO CAYABO<br><br>For Writ of Habeas Corpus | Case No. 174532<br><br>**RULING RE: PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner has failed to state a basis for relief.

    The Court applies the "some evidence" standard of review to the denial of a parole release date by the Board of Prison Terms or reversal of a granting of parole by the Governor: In re Ramirez (2001) 94 Cal.4th 549, 563; In re Rosenkrantz (2000) 80 Cal. App.4th 409, 423, In re Powell (1988) 45 Cal.3d 894, 904. Under the "some evidence" standard the Board of Prison term's decision will be upheld as long as there is "some basis in fact" for the decision.

    It is settled law that the gravity of the offense alone may be enough to justify a denial or reversal of a granting of parole. The court in *In Re Jeffrey David Elkins (2006) 44 Cal. App.4th 475* stated the law as follows; " "The Governor's assumption that a prisoner may be deemed unsuitable for release on the basis of the commitment offense "alone" is correct, but the proposition must be properly understood. The commitment offense is one of only two indicative of unsuitability a prisoner cannot change (the other being his previous record of violence). Reliance on such an immutable factor "without regard to or consideration of subsequent circumstances may be unfair and runs contrary to rehabilitative goals espoused by the prison system and could result in a due process violation. The committment offense

-1-

1. can negate suitability only if circumstances of the crime rationally indicate that the offender
2. will present an unreasonable public safety risk if released from prison. Yet, the predictive
3. value of the commitment offense may be very questionable after a long period of time Thus,
4. denial of release based solely on the basis of the gravity of the commitment offense
5. warrants especially close scrutiny."
6. In the Elkins case the court reversed the denial of parole by the Governor.
7. Upon a review of the Governor's basis for reversing the granting of parole in the instant
8. Case it is clear that the "some evidence" rule applies justifying the Governor's decision.
9. The Governor's stated position is that because of the nature of the commitment offense the
10. petitioner poses an unreasonable risk of danger to the community.
11. In reaching that decision the Governor considered the manner in which the murder was carried
12. out.
13. The petitioner was aware that the victim was in a relative's home. The petitioner drove around
14. in his vehicle for about an hour consuming alcohol all the while becoming more and more
15. angry. The petitioner removed a 38 cal. handgun from his glove box, went into the residence,
16. walked up behind the victim and shot him, without warning, in the back of the head.
17. The cold bloodedness of the offense, the premeditation of the offense and the danger to others
18. in the manner it was carried out all convinced the Governor that the petitioner was not a
19. suitable candidate for parole at the present time.
20. Upon this court's review of the rationale stated by the Governor this court finds that the
21. Governor's decision is not arbitrary or capricious and is based on sound consideration
22. of the relevant factors.
23. Petitioner's Petition for Writ of Habeas Corpus is denied.
24. 
25. Date received by judge: 11-29-06
26. Dated: 11-30-06
27. Darryl B. Ferguson
    Judge of the Superior Court
28. -2-

SUPERIOR COURT OF CALIFORNIA
COUNTY OF TULARE
Superior Court Division
County Civic Center, Room 303
Visalia, CA 93291-4593

| | |
|---|---|
| **People**<br>    Plaintiff/Petitioner,<br><br>vs.<br><br>**Cayabo, Rizalino**<br>    Defendant/Respondent. | Case No. VHC174532 |

### CLERK'S CERTIFICATE OF MAILING (CCP 1013a(4))

I certify that I am not a party to this action.

The RULING RE: PETITION FOR WRIT OF HABEAS CORPUS was mailed first class, in a sealed envelope, postage prepaid, to the parties at the addresses shown. The mailing and this certification occurred at the place and on the date shown.

Dated: November 30, 2006 at Visalia, California.

LARAYNE CLEEK, CLERK OF THE
SUPERIOR COURT, COUNTY OF TULARE

By _____
   Deputy Clerk

Rizalino Cayabo
ID #D-09912
Correctional Training Facility
P O Box 705
Soledad  CA  93960

Bill Lockyer
Attorney General
450 Golden Gate Avenue, #11000
San Francisco  CA  94102