# EXHIBIT 5

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**RIZALINO CAYABO**,<br><br>    Petitioner,<br><br>On Habeas Corpus. | S153873 |

Court of Appeal of the State of California
Fifth Appellate District
Case No. F052050
Rebecca A. Wiseman, Presiding Justice

**ANSWER TO PETITION FOR REVIEW**

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

HEATHER M. HECKLER
Deputy Attorney General
State Bar No. 235492

  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-4860
  Fax: (916) 322-8288
  Heather.Heckler@doj.ca.gov

Attorneys for Respondent

## CERTIFICATE OF INTERESTED PARTIES
[Rule 8.208]

Pursuant to California Rules of Court, Rule 8.208, Respondent is not aware of any interested parties.

Dated: July 30, 2007

        Respectfully submitted,
        EDMUND G. BROWN JR.
        Attorney General of the State of California
        DANE R. GILLETTE
        Senior Assistant Attorney General
        JULIE L. GARLAND
        Senior Assistant Attorney General
        JENNIFER A. NEILL
        Supervising Deputy Attorney General

        *Heather Heckler*

        HEATHER M. HECKLER
        Deputy Attorney General

 

# TABLE OF CONTENTS

|  | Page |
|---|---|
| ARGUMENT | 2 |
| I. CAYABO HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR RELIEF CONCERNING HIS CLAIM THAT THE GOVERNOR'S DECISION WAS NOT SUPPORTED BY SOME EVIDENCE | 2 |
|     A. Cayabo's Crime | 2 |
|     B. The Applicable Standards Governing Parole Consideration | 2 |
|     C. The Some Evidence Standard | 4 |
|     D. Some Evidence Supports the Governor's Decision Finding Cayabo Unsuitable for Parole | 5 |
| II. CAYABO HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR RELIEF CONCERNING HIS CLAIM THAT THE BOARD'S USE OF THE FIREARM ENHANCEMENT DOUBLE JEOPARDY TO CALCULATE HIS PRISON TERM | 7 |
| CONCLUSION | 8 |
| CERTIFICATE OF COMPLIANCE | 9 |
| DECLARATION OF SERVICE | 10 |

# TABLE OF AUTHORITIES

                              **Cases**                            **Page**

*In re Dannenberg*
    (2005) 34 Cal.4th 1061 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6

*In re Elkins*
    (2006) 144 Cal.App.4th 475 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Lawrence*
    (2007) 150 Cal.App.4th 1511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Lee*
    (2006) 143 Cal.App.4th 1400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Rosenkrantz*
    (2002) 29 Cal.4th 616 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

*In re Smith*
    (2003) 114 Cal.App.4th 343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Weider*
    (2006) 145 Cal.App.4th 570 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. DiFrancesco*
    (1980) 449 U.S. 117 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

Penal Code
    § 3041 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4
    § 3042 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 3046 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Regulations**

Cal. Code Regs., tit. 15,
    § 2030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 2402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**RIZALINO CAYABO**,<br><br>　　　　　　　　　　Petitioner,<br><br>On Habeas Corpus. | S153873 |

　　　Petitioner, Rizalino Cayabo, is a state prisoner serving a 15-year-to-life sentence for second-degree murder and a two-year enhancement for use of a firearm. (Ct. of Appl. Pet. at p. 1.) At his May 2006 parole consideration hearing, the Board of Parole Hearings (Board) found him suitable for parole. (Ct. of Appl. Pet., Ex. 4.) Governor Schwarzenegger, however, reversed that decision. (Ct. of Appl. Pet., Ex. 5.) Cayabo filed his petition for review on June 15, 2007, after the Fifth District Court of Appeal summarily denied his petition for writ of habeas corpus. This Court has requested an answer to Cayabo's petition addressing the issue of whether he has made a *prima facie* claim for relief such that the Court should grant the petition for review and transfer the matter to the Court of Appeal with instructions to issue an order to show cause. (Letter from Court, dated July 9, 2007.)

　　　Cayabo makes the following claims: (1) the some evidence standard is contrary to clearly established federal law; (2) the Governor's decision was arbitrary and violated due process because it was based solely on the commitment offense and there is no evidence that Cayabo poses a current threat to public safety; and, (3) the Board violated double jeopardy by using a firearm enhancement to calculate his prison term. (*See generally* Pet.) Cayabo has not established a *prima facie* case with respect to any of his

1

claims. The proper standard of review in this case is whether "some evidence" supports the Governor's decision; not some higher standard of review or whether some evidence supports a finding that Cayabo would currently pose a risk to society if released. Further, some evidence supports the Governor's decision, and the Board's use of the firearm enhancement did not constitute double jeopardy.

## ARGUMENT

### I.

### CAYABO HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR RELIEF CONCERNING HIS CLAIM THAT THE GOVERNOR'S DECISION WAS NOT SUPPORTED BY SOME EVIDENCE.

**A.  Cayabo's Crime.**

On the day of the murder, Lozano Medaro and some friends were in a carport area watching television. (Ct. of Appl. Pet., Ex. 5 at p. 1.) Cayabo drove up, got out of his car, walked up behind Lozano, and shot him once in the back of the head at close range. (*Ibid.*) Cayabo returned to his car and drove away. (*Ibid.*) Lozano died at the scene. (Ct. of Appl. Pet., Ex. 4 at p. 6.)

Cayabo surrendered to authorities a short time later and admitted to killing Lozano. (Ct. of Appl. Pet., Ex. 4 at p. 6.) According to Cayabo, he killed Lozano because he violated Filipino custom by not seeking Cayabo's permission before marrying Cayabo's sister. (*Id.* at p. 7.)

**B.  The Applicable Standards Governing Parole Consideration.**

The Board of Parole Hearings and the Governor are responsible for determining when, if ever, life inmates should be released on parole. Criteria for determining an inmate's parole suitability are outlined in the penal code and in regulations established by the Board. (Pen. Code, § 3041; Cal. Code

2

Regs., tit. 15, § 2402.) In each case the Governor, must provide the inmate individual consideration, taking into account the factors demonstrating his suitability for parole as well as his unsuitability. (*In re Rosenkrantz*, (2002) 29 Cal.4th 616, 676-677.)

Under the regulations, the commitment offense demonstrates unsuitability when it is committed in an especially heinous, atrocious or cruel manner. (Cal. Code Regs., tit. 15, § 2402, subd. (b), (c)(1).) The regulations also provide other circumstances of suitability and unsuitability for the Governor to consider as he evaluates "[a]ll relevant, reliable information," include an inmate's criminal history and institutional behavior. (Cal. Code Regs., tit. 15, § 2402, subd. (b)-(d).) These regulations are, however, only general guidelines, and the Governor may consider these circumstances individually or in combination. (Cal. Code Regs., tit. 15, § 2402, subd. (c), (d).) The importance placed on any circumstance or combination of circumstances remains within the Governor's "great" and "almost unlimited" discretion. (*Ibid.*; see also *Rosenkrantz, supra,* 29 Cal.4th at p. 655.)

Further, the Governor may deny parole based solely on the inmate's commitment offense so long as the circumstances of the offense could be "considered more aggravated or violent than the minimum necessary to sustain a conviction for that offense." (*In re Dannenberg*, (2005) 34 Cal.4th 1061, 1094-1095.[1]) In *Dannenberg*, this court specifically held that the Governor must first think of public safety and must not consider a comparative analysis of similar offenses committed by other inmates to ensure term uniformity. (*Id.* at p. 1084.) In addition, if the circumstances of the commitment offense persuade the Governor that the inmate is too

---

1. Though *Dannenberg* challenged a parole decision by the Board, this Court held that the same standard of review applies to the Governor as to the Board. (*Rosenkrantz, supra,* 29 Cal.4th at pp. 625-626.)

3

dangerous to be granted parole, how the inmate's actual period of confinement may compare with others need not be considered. (*Id.* at p. 1080.)

### C. The Some Evidence Standard.

A court can only review the Governor's parole decisions "to determine whether they comply with due process of law, and . . . whether the factual basis of such [] decision[s] [are] supported by some evidence in the record that was before the Board." (*Rosenkrantz, supra*, 29 Cal.4th at p. 667.) This standard is "extremely deferential" and "[o]nly a modicum of evidence" is required to satisfy it. (*Id.* at pp. 665, 677.) Thus, as long as "there was some evidence from which the conclusion of the administrative tribunal could be deduced," the court must uphold the decision. (*Id.* at p. 658 [the court must uphold the Governor's decision if it is not "devoid of a factual basis"].) No "examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence" is required. (*Id.* at p. 665.) The court cannot second-guess the Board's decision, nor can it reweigh the evidence or resolve conflicts in the evidence. (*Id.* at p. 677.)

Contrary to Cayabo's assertion, a court's role in reviewing the Governor's parole decision is to determine whether some evidence supports the factual findings in the decision; not whether some evidence supports a finding that the inmate would pose a current risk of danger to the public if released. While the penal code does provide that an inmate should only be found unsuitable for parole if he poses a risk to public safety, factual findings concerning the factors demonstrating an inmate's unsuitability for parole, including the gravity of the commitment offense, are essentially a finding that an inmate would pose such a danger. (Pen. Code, § 3041; *In re Smith* (2003) 114 Cal.App.4th 343, 370.) Further, regardless of the length of an inmate's incarceration, the Governor may properly rely on the

commitment offense so long as there is some evidence that it was more aggravated than the minimum elements necessary for conviction. (*Dannenberg, supra*, 34 Cal.4th at pp. 1094-1095.) Thus, a court must uphold the Governor's decision so long as his factual findings concerning the commitment offense and any other unsuitability factors are supported by some evidence.

Cayabo's test, which has been applied by several California Courts of Appeal, would require the Court to engage in a subjective determination of an inmate's parole suitability, to reweigh the evidence before the Governor, and essentially substitute its own judgment concerning the inmate's dangerousness and parole suitability for that of the Governor. (See e.g., *In re Lawrence* (2007) 150 Cal.App.4th 1511, 1533; *In re Lee* (2006) 143 Cal.App.4th 1400; *In re Elkins* (2006) 144 Cal.App.4th 475; *In re Weider* (2006) 145 Cal.App.4th 570, 588.) This test is contrary to this Court's holdings in *Rosenkrantz* and *Dannenberg* and should not be applied.

### D. Some Evidence Supports the Governor's Decision Finding Cayabo Unsuitable for Parole.

In this case, the Governor's decision finding Cayabo unsuitable for parole is supported by some evidence. The Governor based his decision primarily on the nature of Cayabo's commitment offense. (Cal. Ct. of Appl. Pet., Ex. 5 at p. 2.) Specifically, the Governor found that Cayabo's motive was very trivial in relation to the offense, that there was some evidence of premeditation, and that Cayabo's actions exposed multiple people to the risk of death or injury. (*Id.* at pp. 1-2.)

The Governor's finding that the motive for the crime was trivial is supported by the fact that Cayabo admitted he killed Lozano because Lozano failed to ask his permission to marry his sister, which apparently violated Filipino custom. (Cal. Ct. of Appl. Pet. Ex. 4 at p. 7.) In addition, the

5

evidence indicates that Cayabo went to a friend's house earlier in the day but left when he realized Lozano was there. (Cal. Ct. of Appl. Pet., Ex. 5 at p. 2.) Cayabo drove around for about an hour, drinking and becoming more upset. He then returned to the friend's house, took the gun from the glove compartment of his car, and shot Lozano. (*Ibid.*) This supports the Governor's finding that there was evidence of premeditation. Further, the fact that several people were with Lozano at the time of the murder supports the Governor's conclusion that multiple people could have been killed or injured because of Cayabo's actions. (Cal. Ct. of Appl. Pet., Ex. 4 at p. 6.) These findings, taken with the evidence that Cayabo murdered Lozano in an execution-style manner, constitute some evidence that the crime exceeds the minimum elements necessary for second degree murder.

The Governor also noted that the Tulare County District Attorney's Office and the Tulare County Sheriff's Office opposed parole based in part of the nature of Cayabo's crime. (Cal. Ct. of Appl. Pet., Ex. 5 at p. 2.) In determining whether the gravity of an inmate's commitment offense is such that the inmate would pose a threat to public safety if released, the Governor is required to consider statements and recommendations from law enforcement officials. (Pen. Code, §§ 3042; 3046, Cal. Code Regs., tit. 15, § 2030; *Dannenberg, supra*, 34 Cal.4th at pp. 1084-1085.) Such statements "may be influential, and even decisive." (*Dannenberg, supra*, 34 Cal.4th at 1085.) Accordingly, the fact that the Tulare County District Attorney and Sheriff opposed Cayabo's parole constitutes some evidence supporting the Governor's decision.

The Governor also thoroughly reviewed Cayabo's suitability factors, including his participation in vocational and self-help programs, his near disciplinary free history in prison, his positive parole plans, and his positive mental health evaluations. (Cal. Ct. of Appl. Pet., Ex. 5 at p. 1.) The

6

Governor nevertheless found that Cayabo's suitability factors were outweighed by his unsuitability factors.

Because the Governor's decision finding Cayabo unsuitable for parole was supported by some evidence in the record, he has failed to state a *prima facie* claim for relief. This Court should, therefore, deny his petition for review.

## II.

**CAYABO HAS NOT ESTABLISHED A PRIMA FACIE CASE FOR RELIEF CONCERNING HIS CLAIM THAT THE BOARD'S USE OF THE FIREARM ENHANCEMENT DOUBLE JEOPARDY TO CALCULATE HIS PRISON TERM.**

The Board's use of Cayabo's firearm enhancement did not violate the Fifth Amendment's Double Jeopardy Clause, which provides that no person can be punished twice for the same offense. (U.S. Const. amend. V.) This clause protects defendants against three things: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. (*U.S. v. DiFrancesco* (1980) 449 U.S. 117, 129.)

Cayabo claims that the Board's use of a firearm enhancement in determining his prison term violated the Double Jeopardy Clause. This claim fails, however, because he did not undergo a second prosecution for the same offense. Moreover, he was not subject to any additional penalty for the enhancement. His conviction sentence was fifteen years to life, plus an additional two-year term for the firearm enhancement. This sentence subjected him to a maximum term of life in prison. The Board's use of the firearm enhancement in determining an appropriate term did not increase his sentence, because his sentence is already life.

## CONCLUSION

Cayabo has not stated sufficient facts to establish a *prima facie* case that the Governor's decision was not supported by some evidence or that the Board's use of a firearm enhancement to calculate his prison term constituted double jeopardy. Further, the Court of Appeal already reviewed Cayabo's claims and determined that he did had not established a *prima facie* case for relief. The Court should, therefore, deny his petition for review.

Dated: July 30, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

HEATHER M. HECKLER
Deputy Attorney General

Attorneys for Respondent

30303702.wpd

# CERTIFICATE OF COMPLIANCE
[Rule 8.204]

Pursuant to California Rules of Court Rule 8.204 (C)(1), I certify that the ANSWER TO PETITION FOR REVIEW is:

✔ Proportionately spaced, has a typeface of 13 points or more, contains 2,223 words, <u>or</u> is

_____ Monospaced, has 10.5 words or less characters per inch, and

_____ Does not exceed 40 pages (opening and answering briefs) or 20 pages (reply briefs).

Dated: July 30, 2007

> Respectfully submitted,
> EDMUND G. BROWN JR.
> Attorney General of the State of California
> DANE R. GILLETTE
> Senior Assistant Attorney General
> JULIE L. GARLAND
> Senior Assistant Attorney General
> JENNIFER NEILL
> Supervising Deputy Attorney General
>
> *Heather Heckler*
> HEATHER M. HECKLER
> Deputy Attorney General

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Cayabo, Rizalino In re**

No.:   S153873

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 30, 2007, I served the attached:

## ANSWER TO PETITION FOR REVIEW

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Cayabo Rizalino
California Training Facility
H53829
P.O. Box 689
Soledad, CA 93960-0689
In Pro Per / *2 Copies*

Tulare County Superior Court
County Civic Center
221 Mooney Blvd.
Visalia, California 93291
Case No. VHC174532

California Court of Appeal
Fifth Appellate District
2525 Capitol Street
Fresno, California, 93721
Case No.: F052050

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 30, 2007, at Sacramento, California.

_____ M. Briggs _____
Declarant

_____ M. Briggs _____
Signature

10